**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-046-BAJ-SDJ |
| VERSUS | JUDGE BRIAN A. JACKSON |
| CLARENCE OMERR GREEN | MAGISTRATE JUDGE JOHNSON |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO SUPPRESS**

The defendant submits the following memorandum on support of his motion to suppress the statements made in the above captioned matter:

On January 1, 2020, the defendant was subjected to detention pursuant to the unlawful stop of the vehicle in which he was riding, and the further unlawful search of the vehicle and all of its passengers. The stop was made by deputies with the East Baton Rouge Parish Sheriff's Office. The officers did not allege any traffic infractions or other violations of the law as grounds for stopping the vehicle. According to the arresting officers, they stopped the vehicle simply because it was in an area where unlawful activity sometimes takes place.

The authority of law enforcement to effectuate so-called "investigatory stops" is not limitless. "In justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio,* 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). In the instant case, the arresting officers gave no facts whatsoever in support of their stop of the vehicle in which Mr. Green was riding. The stop was based purely on a vague allegation of "suspicious driving." The highest courts of the land have long held that law enforcement may not invade the privacy of private citizens "based on nothing more substantial than inarticulate

hunches." *Id.* at 22. As the behavior of the deputies in detaining the vehicle and searching both the car and its occupants is a clear and incontrovertible violation of well-established Fourth Amendment law, the defense urges this Honorable Court to suppress any statements or physical evidence obtained as a result as "fruit of the poisonous tree" pursuant to *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S. Ct. 407, 417, 9 L. Ed. 2d 441 (1963).

        RESPECTFULLY SUBMITTED:
        REBECCA L. HUDSMITH
        FEDERAL PUBLIC DEFENDER FOR THE
        MIDDLE & WESTERN DISTRICTS OF LOUISIANA
        By:   S/ Richard M. Upton
                **RICHARD M. UPTON, BAR NO.12984**
                Assistant Federal Public Defender
                707 Florida Street, Suite 303
                Baton Rouge, Louisiana 70801
                (225)382-2118 (Phone)
                (225)382-2119(Fax)
                Mark_Upton@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2020, a copy of the above pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Eli Abad, Assistant United States Attorneys, by operation of the court's electronic filing system.

        /s/ Mark Upton