UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **CLARENCE OMERR GREEN** | **NO. 20-00046-BAJ-SDJ** |

### ORDER

Considering the Government's Motion to Dismiss the Indictment (Doc. 34),

**IT IS ORDERED** that leave is GRANTED and the Indictment in Criminal Number 20-00046-BAJ-SDJ is **DISMISSED WITH PREJUDICE**.[1]

---

[1] The Government cites a "reevaluation" of the evidence as justification for its Motion to Dismiss. (Doc. 34 at 1). The Court cannot know the Government's misgivings, but pauses briefly to elaborate its own. As reflected in the video evidence submitted in support of Defendant's Motion to Suppress (Doc. 12), the state agents in this case demonstrated a serious and wanton disregard for Defendant's constitutional rights, first by initiating a traffic stop on the thinnest of pretext, and then by haphazardly invading Defendant's home (weapons drawn) to conduct an unjustified, warrantless search. Such an intrusion, in abject violation of the protections afforded by the Fourth Amendment of the United States Constitution, which protects citizens against unwarranted governmental intrusions in their homes, may justifiably be considered to be a trespass subject to prosecution under La. R.S. 14:63. At the suppression hearing (Doc. 25), the responding officer gave multiple conflicting accounts when describing the circumstances leading up to Defendant's traffic stop, and failed to offer a satisfactory explanation for why the police reports in this investigation were revised nearly one *dozen* times in the months following Defendant's arrest. The officer's testimony was troubling at best, and the Court was prepared to make a credibility determination to accompany its order on Defendant's Motion to Suppress.

The point is mooted by the Government's Motion. Still, however, Defendant has spent five months in custody as a result of the Government's actions. As such, it is appropriate to remind the Government—and its representative, the United States Attorney—of its paramount obligation to seek and serve justice, not convictions. *Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."). In the Court's view, this case is emblematic of precisely the type of "foul" blows universally condemned by our jurisprudence. *See id.* Nonetheless, the Court commends the Government for its appropriate reevaluation of the facts and evidence in this case, as it is obligated to do at all stages of every federal

1

USM-Certified

**IT IS FURTHER ORDERED** that Defendant shall be immediately released from the custody of the U.S. Marshal.

Baton Rouge, Louisiana, this 29th day of December, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

prosecution.